UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARL CURTIS HODGES, HODGES
BROTHERS, INC. and HODGES
BROTHERS ROOFING, INC.,

          Plaintiffs,

v.                                          Case No:  6:11-cv-135-Orl-36GJK

SCHOOL BOARD OF ORANGE
COUNTY, FLORIDA,

          Defendant.
_____/

## ORDER

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Gregory J. Kelly on September 6, 2012 (Doc. 141). Magistrate Judge Kelly recommends that the Court: (1) grant Defendant School Board of Orange County, Florida's ("Defendant") Motion to Strike (Doc. 119); (2) deny Plaintiffs' Motion to Strike (Doc. 116) as to Exhibit 3; (3) deny as moot Plaintiffs' Motion to Strike as it pertains to Corrected Reply Exhibit 1 (Doc. 110); and (4) deny as moot Plaintiffs' Motion to Strike John Palmerini's Affidavit (Doc. 120). Doc. 141, pp. 10-12. On September 20, 2012, Plaintiffs Carl Curtis Hodges, Hodges Brothers, Inc. ("HBI") and Hodges Brothers Roofing, Inc. ("HBR") (collectively, "Plaintiffs") filed an Objection to Judge Kelly's Report and Recommendation (Doc. 161). Defendant filed a Response to Plaintiffs' Objection on October 4, 2012 (Doc. 173). As such, this matter is ripe for review.

    **I.**    **BACKGROUND**

The record establishes that over the past twelve years, HBI and HBR have completed construction projects and direct purchase orders for Defendant. Doc. 127, ¶ 4; Doc. 141, p. 2.

HBI was awarded its current construction management contract by Defendant in February 2009. *See* Deposition of Carl Curtis Hodges, February 9, 2012, Doc. 51 ("Hodges February 9 Dep."), Continuing Contract for Construction Management Services, Contract No. 08CM23CCONHODGES, Ex. 70 ("CM Contract"). Plaintiffs allege that Hodges informed Defendant's general counsel in Fall of 2008 that Defendant's employee Kevin Gaston ("Gaston") was engaging in illegal activities. Doc. 22, ¶ 9. Hodges agreed to participate in an investigation of Gaston and provided information he had regarding Gaston's attempts to bribe or extort Defendant's contractors. *Id.* ¶¶ 10-11. According to Plaintiffs, the Gaston investigation revealed that some of Defendant's other employees may have been involved in the illegal activities, and Hodges participated in the investigation of department head, Robert Proie ("Proie"). *Id.* ¶ 12. Plaintiffs allege that in the Summer of 2009, Proie was informed that Hodges was participating in the investigation of Gaston, himself and other employees, and that information Hodges provided to Defendant's general counsel was "incriminating and inculpating towards him." *Id.* ¶ 13. Plaintiffs further allege that after Proie learned that Hodges complained to Defendant's general counsel and participated in these investigations, Proie retaliated against HBR and HBI by "initiating an unwarranted audit", "denying and withholding future contracts and business opportunities between Plaintiffs and [Defendant]", and making defamatory statements about the scope and quality of their work. *Id.* ¶¶ 14-16, 19.

### A. Procedural history

In 2010, Plaintiffs' counsel filed complaints alleging violations of Florida's Public Sector Whistle Blower's Act, Fla. Stat. § 112.3187 *et seq.* ("Florida Whistleblower's Act") with Defendant's general counsel. Plaintiffs allege that they continue to suffer financial loss as a result of Defendant's retaliatory actions. *Id.* ¶ 26. On August 29, 2011, Plaintiffs filed their

Amended Complaint, asserting three claims for relief. In Count I, Plaintiffs allege a violation of 42 U.S.C. § 1983, claiming that Defendant retaliated against them in violation of the First Amendment for objecting to unlawful conduct and abuse of the bidding process. *Id.* ¶¶ 31-32. In Count II, Plaintiffs assert a violation of the Florida Whistleblower's Act, claiming that Defendant retaliated against them because of their objections and information indicating that Defendant's employees were committing mismanagement, malfeasance, misfeasance, gross waste of public funds and/or gross neglect of duty. *Id.* ¶¶ 36-37; *see* Fla. Stat. § 112.3187. In Count III, Plaintiffs assert a claim for defamation, claiming that Defendant intentionally or negligently published the false statements that they "failed to perform the scope of work as contracted and that Plaintiffs engaged in poor workmanship on the Evans Media Center roof project, and other projects, and misappropriated funds." *Id.* ¶ 40.

On March 3, 2012, Defendant filed a Motion for Summary Judgment (Doc. 45) to which Plaintiffs filed a Response on March 16, 2012 (Doc. 98). On March 30, 2012, Defendant filed a Reply (Doc. 106) ("First Reply"). On March 30, 2012, Plaintiffs filed a Corrected Response to the Motion for Summary Judgment (Doc. 105), to which Defendant again replied ("Second Reply") (Doc. 110).

### B. Magistrate Judge's Report and Recommendation

Plaintiffs moved to strike Exhibit 3 of Defendant's Motion for Summary Judgment (Doc. 45-Ex. 3), Exhibit 1 to Defendant's First Reply (Doc. 106-Ex. 1), and Exhibit 1 to Defendant's Second Reply (Doc. 110, pp. 11-34). Doc. 116. Defendant filed a response to the motion and an affidavit of John C. Palmerini ("Palmerini"). Doc. 117-Ex. 18. Defendant then moved to strike Plaintiffs' response to its Motion for Summary Judgment (Doc. 98), Corrected Response to Motion for Summary Judgment (Doc. 105) and Hodges' Amended Affidavit (Doc. 108). Doc.

119. Thereafter, Plaintiffs moved to strike Palmerini's Affidavit (Doc. 120), to which Defendant responded (Doc. 122).

On September 6, 2012, Magistrate Judge Kelly entered a Report and Recommendation, recommending that the Court: (1) grant Defendant's Motion to Strike filed on May 30, 2012 (Doc. 119); (2) deny Plaintiffs' Motion to Strike filed on May 3, 2012 (Doc. 116) as to Exhibit 3; (3) deny as moot Plaintiffs' Motion to Strike as it pertains to Corrected Reply Exhibit 1 (Doc. 110); and deny as moot Plaintiffs' Motion to Strike John Palmerini's Affidavit filed on June 4, 2012 (Doc. 120). Doc. 141, pp. 10-12.

## II. **STANDARD**

When a party makes a timely and specific objection to a finding of fact in a report and recommendation, the district court should make a *de novo* review of the record with respect to the factual issues. 28 U.S.C. § 636(b)(1); *U.S. v. Raddatz*, 447 U.S. 667, 674 (1980); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations." Once a timely objection to the Report and Recommendation is made, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.*

III. <u>ANALYSIS</u>

A. **Defendant's alleged retaliatory acts before 2009**

In their Objection, Plaintiffs contend that the Magistrate Judge erred in finding that they asserted a new claim when arguing in their Corrected Response in Opposition to Defendant's Motion for Summary Judgment (Doc. 105) that Defendant's retaliatory actions included the denial of HBI's bid on the Dr. Phillips High School chiller piping project ("2008 piping project"). Doc. 161, p. 14; Doc. 141, pp. 9-11. Magistrate Judge Kelly found that Defendant's alleged retaliatory actions as stated in the Amended Complaint took place "no earlier than 2009." Doc. 141, p. 10. As such, the Magistrate recommended granting Defendant's Motion to Strike and removing Plaintiffs' allegation, in response to Defendant's Motion for Summary Judgment, of retaliation based on Defendant not awarding Plaintiffs the 2008 piping project. *Id.* As the Magistrate Judge noted, a plaintiff is barred from asserting a new claim through argument in a brief opposing summary judgment, and must instead amend his complaint pursuant to the Federal Rules of Civil Procedure. *Id.*, p. 8; *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).

In the Eleventh Circuit, a plaintiff asserts a new claim when raising "an additional, separate statutory basis" for entitlement to damages that was not originally raised in the complaint. *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006). The plaintiff in *Hurlbert* alleged claims of interference and retaliation in violation of the Family Medical Leave Act ("FMLA") predicated on his own health condition. *Id.* at 1297. In responding to the defendant's motion for summary judgment, the plaintiff asserted that he was also entitled to FMLA assistance to care for his mother, who had a serious health condition as well. *Id.* The Eleventh Circuit rejected plaintiff's argument that this was not a new claim but

5

merely "additional facts asserted in support of the interference claim already pled in the complaint", noting that the complaint "provided no notice whatsoever that he believed he was entitled to leave on this basis." *Id.* Because plaintiff did not seek leave to amend his complaint, the Court concluded that he was "not entitled to raise it in the midst of summary judgment." *Id.*

Magistrate Judge Kelly correctly noted that Plaintiffs' Amended Complaint alleges that Defendant's retaliatory actions began after Proie learned that Hodges complained and provided incriminating information regarding Proie unlawfully coercing employees to award contracts to certain vendors. Doc. 22, ¶¶ 13-14, 18-19. Indeed, Plaintiffs allege that "in the Summer of 2009, Mr. Proie was informed" of Hodges' participation in the investigations and that "[a]fter the participation by Mr. Hodges in these investigations, and since the time that Mr. Proie was advised of such, both [HBI and HBR], have been subjected and targeted with adverse action…" *Id.* ¶¶ 13-14. Plaintiffs clearly allege that in response to learning of Hodges' complaints, Proie retaliated against Plaintiffs by, among other things, "denying and withholding future contracts and business opportunities between Plaintiffs and [Defendant]." *Id.* ¶¶ 17-19. Based upon these allegations and the logical temporal construction, whereby Proie needed to have been aware of Plaintiffs' complaints in order for his actions to be retaliatory, the Magistrate Judge found that the alleged retaliation began in 2009. Doc. 141, pp. 10-11. Accordingly, the Magistrate recommended that Plaintiffs' addition of allegations of retaliation in 2008 were improper and should be stricken. *Id.* (citing *Hurlbert*, 439 F.3d at 1297).

Plaintiffs maintain that the allegations regarding denial of HBI's bid on the 2008 piping project do not constitute a new claim, and are proper under the notice pleading standard. Doc.

6

161, pp. 15-19; Fed. R. Civ. P. 8(a)(2).[1] Specifically, Plaintiffs point to the portion of the Amended Complaint stating that the list of retaliatory actions was not exhaustive. *Id.*; Doc. 22, ¶ 15 ("Such retaliatory adverse actions include but are not limited to…"). Also, Plaintiffs note that Hodges testified during his deposition about the 2008 piping project. *Id.*; Deposition of Carl Curtis Hodges, February 2, 2012, Doc. 161-Ex. 1 ("Hodges February 2 Dep."), pp. 44-45. Furthermore, Plaintiffs maintain that the case law relied upon by Magistrate Judge Kelly is distinguishable, arguing that whereas the plaintiffs in *Gilmour* and *Hulbert* were attempting to assert a new statutory basis for relief in opposing summary judgment, here Plaintiffs are merely providing more factual support for an existing claim. Doc. 161, pp. 19-20 (citing *Gilmour*, 383 F.3d at 1315 (striking plaintiff's breach of duty claim because defendant "had no notice of a contract claim based on the tort claims set forth in her complaint"); *Hurlbert*, 439 F.3d at 1296.

The Court agrees with Plaintiffs that *Gilmour* and *Hulbert* are distinguishable from this case. In *Gilmour*, the Eleventh Circuit held that plaintiff could not raise a new contractual claim in opposition to the defendant's motion for summary judgment when her complaint set forth only tort claims and thus defendant had no notice of a contract claim. *Gilmour*, 382 F. 3d at 1315. Similarly, in *Hulbert*, where plaintiff's own health condition was the sole basis for entitlement to FMLA leave pled in his complaint, the assertion of his parent's health condition in response to a motion for summary judgment constituted a new statutory basis for relief and was impermissible

---

[1] The Court agrees, as Plaintiffs argue, that the Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *U.S. ex. Rel. Freedman v. Suarez-Hoyos*, 781 F. Supp. 2d 1270, 1272 (M.D. Fla. 2011). However, the present issue is not the sufficiency of Plaintiffs' pleading but rather whether Plaintiffs' additional alleged instance of Defendant's retaliation in 2008 is permissible in response to Defendant's Motion for Summary Judgment. Indeed, the Eleventh Circuit specifies that the liberal pleading standard of Rule 8(a) "does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage." *Gilmour*, 382 F. 3d at 1314.

without an amended complaint. *Hulbert*, 439 F.3d at 1297. Here, Plaintiffs are not attempting to assert an entirely new claim that is not contained in the operative complaint." Doc. 141, p. 10.[2] Rather, Plaintiffs are asserting additional facts to support their existing claim of retaliation. Further, unlike in *Gilmour* and *Hulbert* where defendants had no notice of the claim asserted in response to the motions for summary judgment, the same is not the case here. In addition to the Amended Complaint's explicit statement that the examples of retaliation were not exhaustive, Hodges testified about the 2008 piping project.[3] Doc. 22, ¶ 15; Hodges February 9 Dep., Doc. 50, pp. 44-45.

Although the Court finds that allegations regarding the 2008 piping project are factual examples of Plaintiffs' existing claims, it notes that the Magistrate's findings and Defendant's argument for striking this claim are likely the result of the temporal contradiction presented. Doc. 119, p. 4; Doc. 141, p. 10. In the Amended Complaint, Plaintiffs allege that the acts of retaliation began in 2009, after Proie learned that Hodges provided incriminating information about him to Defendant's general counsel. Doc. 22, ¶¶ 14-15 ("After the participation by Mr. Hodges in these investigations, and since the time that Mr. Proie was advised of such, [Plaintiffs] have been subjected and targeted with adverse action that has substantially affected the rights and interests of [Plaintiffs]. Such retaliatory adverse actions include but are not limited to…").

---

[2] Similarly, Defendant's argument that the 2008 piping project represents "an additional, separate statutory basis" for entitlement to damages is unpersuasive. Doc. 173, p. 4 (citing *Hulbert*, 439 F.3d at 1297). Moreover, as discussed below, Defendant's argument that according to the factual allegations in the Amended Complaint, Proie could not have retaliated against Plaintiffs in 2008 when he did not learn about Hodges' participation in internal investigations until the summer of 2009, goes to the strength of the retaliation claim, which is not at issue in consideration of Defendant's Motion to Strike. *Id.*; Doc. 22, ¶ 14.

[3] The Court notes that although Hodges testified about not being awarded the 2008 piping project, he does not appear to explicitly claim that Defendant's decision to award it to Frank Gay Plumbing was an act of retaliation against Plaintiffs. Rather, Hodges suggests that Defendant awarded the 2008 piping project to Frank Gay Plumbing in order to skirt a financial restriction for contracts. *See* Doc. 50, Hodges February 9 Dep., pp. 44-45.

The logical conclusion of these allegations is that the retaliations occurred following Proie's awareness of Plaintiffs' actions in 2009. Nevertheless, because the Court's role in considering a Motion to Strike is not to evaluate the strength of Plaintiffs' allegations, and because Plaintiffs present additional factual examples of existing claims, Defendant's Motion to Strike (Doc. 119) will be denied.

### B. Plaintiffs' Authenticity Concerns

Plaintiffs also object to the Magistrate Judge's recommendation to partially deny their Motion to Strike.[4] Doc. 161, pp. 2-4. As Judge Kelly noted, upon considering a motion for summary judgment, a court "may consider only evidence which can be reduced to an admissible form." Doc. 141, p. 7 (citing *Rowell v. BellSouth Corp.*, 433 F.3d 794, 800 (11th Cir. 2005)); Fed. R. Civ. P. 56(c), (e). Similarly, when considering a motion for summary judgment a court may not consider inadmissible hearsay unless it can be reduced to admissible evidence at trial. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293-94 (11th Cir. 2012).

With respect to the 2010 Auditor's Report attached to Defendant's Motion for Summary Judgment, Plaintiffs' concerns about the admissibility of this Report have been mooted. On September 19, 2012, the Court instructed Plaintiffs to depose Gregory Centers, listed on the 2010 Auditor's Report as the Audit Manager, within ten days of the pretrial conference. *See* Doc. 158, p. 1; Doc. 45-Ex. 3. Mr. Centers will be able to authenticate the 2010 Auditor's Report, and thus it can be reduced to admissible evidence at trial. *Jones*, 683 F.3d at 1293-94.

---

[4] Plaintiffs originally moved to strike three documents attached to Defendant's pleading: Exhibit 3 attached to Defendant's Motion for Summary Judgment, Doc. 45-Ex. 3; Exhibit 1 attached to Defendant's Reply, Doc. 106-Ex. 1 and Exhibit 1 to Defendant's Reply to Plaintiffs' Corrected Response, Doc. 110, pp. 11-34. *See* Doc. 116. Magistrate Judge Kelly struck Doc. 106-Ex. 1, but denied Plaintiffs' Motion to Strike Doc. 45-Ex. 3 and Doc. 110, pp. 11-34. Doc. 141, p. 12.

With respect to Defendant's Fourth Supplemental Responses to Plaintiffs' First Request for Production, submitted as Exhibit 1 to Defendant's Second Reply, the Court has not been presented with any reason to overrule the Magistrate Judge's recommendation permitting this exhibit. Doc. 141, p. 12. Moreover, even if Plaintiffs have evidentiary concerns, Defendant explained that it submitted this exhibit to demonstrate that it did in fact produce the 2010 Auditor's Report in discovery, and does not intend to introduce this discovery exhibit as evidence. Doc. 118, pp. 9-10. Therefore, the Court will adopt the Magistrate's recommendation with respect to these exhibits.

### C.  John C. Palmerini Affidavit

Finally, Plaintiffs object to the Magistrate Judge's recommendation that their Motion to Strike the Affidavit of John C. Palmerini and the accompanying exhibits ("Palmerini Affidavit") (Doc. 120) be denied as moot. Doc. 161, pp. 23-25. As discussed, Plaintiffs' Motion to Strike argued that Defendant had attached several exhibits to its pleading, specifically the 2010 Auditor's Report, which had "not been properly authenticated by affidavit or otherwise." *See* Doc. 118, p. 4. In responding to Plaintiffs' Motion to Strike, Defendant argued that the Court could consider unauthenticated documents in considering a motion for summary judgment as long as these documents could be reduced to admissible form. Doc. 118; *Jones*, 683 F.3d at 1293-94. In an abundance of caution, Defendant also submitted the Palmerini Affidavit because it has the opportunity, should the exhibit have been stricken, to authenticate and re-file the document. *Hill v. Lazarou Enterprises, Inc.*, 2011 WL 124630, *3 (S. D. Fla. 2011). Thus, having determined that the 2010 Auditor's Report can be reduced to admissible evidence, the

Magistrate Judge appropriately denied Plaintiffs' Motion to Strike the Palmerini Affidavit (Doc. 120) as moot.[5] Doc. 141, p. 12.

Thus, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted in part and rejected in part.

Accordingly, it is hereby **ORDERED** as follows:

1) The Report and Recommendation of the Magistrate Judge (Doc. 141) is **adopted in part and rejected in part as follows:**

    a. Defendant's Motion to Strike Claim and Supporting Memorandum (Doc. 119) is **DENIED.**

    b. Plaintiffs' Motion to Strike filed on May 3, 2012 (Doc. 116) is **granted as to Defendant's Reply Exhibit 1 (Doc. 106-Ex. 1) and denied in all other respects.**

    c. Plaintiffs' Motion to Strike the Affidavit of John C. Palmerini (Doc. 120) is **DENIED as moot.**

**DONE** and **ORDERED** in Orlando, Florida on October 18, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

---

[5] Plaintiffs also argue that the Palmerini Affidavit is an impermissible attempt to recant or alter Palmerini's deposition testimony. Doc. 161, pp. 24-25. Upon consideration of a motion to strike, the Court will not weigh the credibility of Defendant's evidence or strike potential contradictory evidence on the record.

**Copies furnished to:**
Counsel of Record
Unrepresented Parties
U.S. Magistrate Judge Gregory J. Kelly